FILED
2012 Jun-29  AM 10:30
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## (WESTERN DIVISION)

| | |
|---|---|
| **ANGELA WOODS.** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Civil Action Number** |
| ) | |
| **EXPERIAN INFORMATION** ) | |
| **SOLUTIONS, INC., TRANS  UNION,** ) | _____ |
| **LLC, EQUIFAX INFORMATION,** ) | |
| **SERVICES, LLC, GMAC MORTGAGE,** ) | |
| **LLC, HERITAGE PACIFIC FINANCIAL** ) | |
| **LLC, BBVA COMPASS BANKSHARES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW the plaintiff, Angela Woods, by and through her undersigned

counsel, and with knowledge as to her own acts, upon information and belief and

investigation of counsel as to the acts of others, believing such allegations have

evidentiary support after a reasonable opportunity for further investigation or

discovery alleges as follows:

### PRELIMINARY STATEMENT

1.     This is an action for an actual, statutory and punitive damages, costs and

attorneys' fees pursuant to 15 U.S.C. §1681, *et seq*. ("Fair Credit Reporting Act"

or "FCRA").

2.      Congress, when it enacted the FCRA in 1970, mandated the existence and use of reasonable procedures to assure the maximum accuracy of the personal and financial information compiled concerning consumers and sold to users by consumer reporting agencies ("CRAs").  On December 3, 2004, President George W. Bush signed into law the Fair and Accurate Credit Transactions Act ("FACTA").

> This legislation gives consumers unprecedented tools to fight identity theft and continued access to the most dynamic credit markets in the world. With a free credit report and powerful new tools to fight fraud, consumers have the ability to better protect themselves and their families.[1]

3.      Likewise, Congress imposed duties on furnishers, persons who supply information concerning consumers to CRAs, to perform a reasonable investigation upon receipt of notice from a CRA of disputed consumer information.

## JURISDICTION & VENUE

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 15 U.S.C. §1681p.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

6.      Plaintiff is an adult citizen of the State of Alabama and resides within this judicial district.   Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

---

[1]   http://georgewbush-whitehouse.archives.gov/news/releases/2003/12/20031204-3.html   as   of June 24, 2012.

7.      Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business in the state of California.   Experian does business in this judicial district.   Experian is a CRA as defined by 15 U.S.C. 1681a(f).

8.      Equifax Information Services, LLC ("Equifax") is a Georgia corporation with its principal place of business in the state of Georgia.   Equifax does business in this judicial district.    Equifax is a CRA as defined by 15 U.S.C. 1681a(f).

9.      Trans Union, LLC ("Trans Union") is a Delaware corporation with its principal place of business in the state of Illinois.   Trans Union does business in this judicial district.  Trans Union is a CRA as defined by 15 U.S.C. 1681a(f).

10.     Experian, Equifax and Trans Union are referred to collectively throughout the Complaint as the "CRA Defendants."

11.     The CRA Defendants regularly engage in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined by 15 U.S.C. §1681a(f) to third parties.

12.     The CRA defendants disburse consumer reports to third parties of contract for monetary compensation.   Specifically, the CRA Defendants sell "consumer reports" concerning individuals who apply for mortgages, retail credit, employment and apartment leases.

13.    The CRA Defendants report billions of dollars in revenue for, *inter alia*, the sale of consumer reports.   On March 31, 2012, Experian's parent corporation, Experian plc, reported $4.5 billion in revenue.[2]  In 2011, Equifax reported earnings of $2 billion and a net profit of over $220 million.[3] Trans Union reported over $1 billion in revenue and net income of $48.8 million in 2011.[4]  Indeed, the sale of American's personal financial information is big business.

14.    Each of the CRA Defendants have entered into a consent decree with the Federal Trade Commission ("FTC") concerning, *inter alia*, their policies and procedures concerning "mixed" files.  Notwithstanding, the CRA Defendants are sued hundreds of times a year for allegations of "mixing" the file of one consumer with the file of another consumer.

15.    GMAC Mortgage, LLC ("GMAC") is a Delaware limited liability corporation with its principal place of business in Horsham, Pennsylvania.  GMAC is in the business originating and servicing residential mortgage loans.  Further, GMAC supplies consumer credit information to the CRA Defendants pursuant to a "Subscriber Agreement" as that term is defined by the CRA Defendants policies and procedures.

---

[2] http://www.experianplc.com/investor-centre.aspx  as of June 24, 2012.
[3] http://news.equifax.com/index.php?s=18010&item=121322 as of June 24, 2012.
[4] http://www.transunion.com/docs/rev/aboutTransunion/investor-relations/Fiscal_2011_10-K.pdf as of June 24, 2012.

16.     Heritage Pacific Financial, LLC ("Heritage") is a Texas limited liability corporation with its principal place of business in Plano, Texas.  Heritage is in the business of servicing loans.    Further, Heritage supplies consumer credit information to the CRA Defendants pursuant to a "Subscriber Agreement" as that term is defined by the CRA Defendants policies and procedures.

17.     BBVA Compass Bancshares, Inc. ("Compass"), is a domestic corporation with its principal place of business in Birmingham, Alabama.  Further, Compass supplies consumer credit information to the CRA Defendants pursuant to a "Subscriber Agreement" as that term is defined by the CRA Defendants policies and procedures.

18.     The instant lawsuit seeks compensatory, statutory and punitive damages, costs of suit and attorneys' fees for Plaintiff, resulting from the defendants' failure to comply with the FCRA.

## FACTUAL ALLEGATIONS

19.     The CRA Defendants reported derogatory and inaccurate information (hereinafter "the disputed information") concerning Plaintiff and Plaintiff's credit worthiness to third parties.

20.     The disputed information includes, but is not limited to mortgages with GMAC, a mortgage with Heritage, a credit account with Compass and Plaintiff's personal identifying information.

21.    The disputed information negatively reflects on Plaintiff, her financial responsibility as a debtor and her credit worthiness.

22.    The CRA Defendants have reported the disputed information through the issuance of false and inaccurate credit information and consumer reports that the CRA Defendants disseminated to various persons and credit grantors.

23.    Plaintiff notified the CRA Defendants of the disputed information.   In support of her disputes, Plaintiff provided the CRA Defendants with corroborating documents.

24.    Despite receipt of disputes from Plaintiff, Experian notified Plaintiff of its intent to continue publish and disseminate the disputed information to third parties. Despite receipt of Plaintiff's disputes, Equifax and Trans Union failed to respond to Plaintiff, or otherwise investigate her disputes.

25.    Defendants published and disseminated consumer reports referring or related to the plaintiff's personal identifier's to third parties after notice of the disputed information.   At least one of those consumer reports included the disputed information.

26.    The CRA Defendants did not request additional information from the plaintiff about the disputed information.

27.    The CRA Defendants did not contact third parties that would have relevant information concerning the disputed information.

28.     The CRA Defendants did not forward relevant information concerning Plaintiff's dispute to the person or persons supplying the disputed information.

29.     More specifically, other than an Automated Consumer Dispute Verification ("ACDV"), the CRA Defendants did not forward documents supplied by the plaintiff in support of her dispute to GMAC, Heritage, or Compass.

30.     The CRA Defendants failed to perform reasonable investigations of the above disputes.  The CRA Defendants failed to notify GMAC, Heritage, or Compass of each of the plaintiff's disputes.

31.     The CRA Defendants failed to remove the disputed information or failed to note the disputed status of the disputed information, or both.

32.     The CRA Defendants continue to report the disputed information about Plaintiff as of today's date.

33.     Alternatively, the CRA Defendants notified GMAC, Heritage, or Compass, of each of the plaintiff's disputes.

34.     GMAC failed to perform a lawful investigation of the disputed information.

35.     GMAC did not review the plaintiff's bank statements when performing its investigation.

36.     GMAC did not contact any third parties or the plaintiff for information concerning the plaintiff's dispute.

37.     Heritage failed to perform a lawful investigation of the disputed information.

38.    Heritage did not review the plaintiff's bank statements when performing its investigation.    Heritage did not review its own ledger when performing its investigation.

39.    Heritage did not contact any third parties or the plaintiff for information concerning the plaintiff's dispute.

40.    Compass failed to perform a lawful investigation of the disputed information.

41.    Compass did not review the plaintiff's bank statements or Better Business Bureau complaints when performing its investigation.

42.    Compass did not contact any third parties or the plaintiff for information concerning the plaintiff's dispute.

43.    At all times relevant hereto, Plaintiff requested her free annual disclosure from Central Source, LLC's[5] website annualcreditreport.com.  Plaintiff was unable to download and print her files from Experian, Equifax and Trans Union.  After she was unable to download and print her reports from the CRA Defendants, in writing, Plaintiff requested her free annual disclosure from the CRA Defendants. The CRA Defendants failed to provide her with her consumer disclosure in compliance with the FCRA.  In addition to her right to a free annual disclosure,

---

[5] Central Source, LLC is a joint venture between Equifax, Experian and Trans Union.

Plaintiff requested her free disclosure from Equifax pursuant to the FCRA, but Equifax failed to comply with her lawful request.

44.     The defendants' unlawful conduct proximately caused Plaintiff's actual damages, including but not limited to: harm to credit reputation; credit denials; emotional distress and mental anguish; and out-of-pocket expenses.

45.     At all times relevant hereto, the defendants were acting through their agents, servants and/or employees who were acting within the scope of their employment or agency, or both, and under the direct supervision of the defendants.

46.     At all times relevant hereto, the defendants' conduct was malicious, intentional, willful, reckless, and in grossly negligent disregard of the FCRA and Plaintiff's rights.

## COUNT ONE – VIOLATION OF THE FAIR CREDIT REPORTING ACT
## (CRA DEFENDANTS)

47.     Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

48.     CRA Defendants are liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act 15 U.S.C. §1681i, pursuant to 15 U.S.C. §§1681n and o.

49.     CRA Defendants violated 15 U.S.C. 1681i on multiple occasions by failing to: delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; conduct a lawful investigation; forward all relevant

information to the furnisher of the inaccurate information; maintain reasonable procedures with which to filter and verify disputed information in the plaintiff's credit file; and by relying upon verification from a source the CRA Defendants have reason to know is unreliable.

50.     CRA Defendants' conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

51.     CRA Defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

52.     Wherefore, Plaintiff seeks judgment in her favor against CRA Defendants, based on the following relief requested:

       (a)    Actual damages;

       (b)    Statutory damages;

       (c)    Punitive Damages;

       (d)    Costs and reasonable attorneys' fees; and

       (e)    Such other and further relief as may be necessary, just and proper.

## COUNT TWO – VIOLATION OF THE FAIR CREDIT REPORTING ACT
## (CRA DEFENDANTS)

53.     Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

54.    CRA Defendants are liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act 15 U.S.C. §1681e, pursuant to 15 U.S.C. §§1681n and o.

55.    Said defendants violated 15 U.S.C. §1681e(b) by failing to establish or follow reasonable procedures to assure the maximum accuracy in the preparation of the credit report and credit files they published and maintained concerning Plaintiff.

56.    CRA Defendants' conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

57.    Said defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

58.    Wherefore, Plaintiff seeks judgment in her favor against the CRA Defendants, based on the following relief requested:

      (a)    Actual damages;

      (b)    Statutory damages;

      (c)    Punitive Damages;

      (d)    Costs and reasonable attorneys' fees; and

      (e)    Such other and further relief as may be necessary, just and proper.

## COUNT THREE – VIOLATION OF THE FAIR CREDIT REPORTING ACT (CRA DEFENDANTS)

59.    Plaintiff adopts and incorporates the above-number paragraphs as if fully stated herein.

60.    CRA Defendants are liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act 15 U.S.C. §1681j(a) and (c), pursuant to 15 U.S.C. §§1681n and o.

61.    Said defendants violated 15 U.S.C. §1681j by failing to disclose the contents of Plaintiff's consumer file upon written request.

62.    CRA Defendants' conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

63.    Said defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

64.    Wherefore, Plaintiff seeks judgment in her favor against CRA Defendants, based on the following relief requested:

       (a)    Actual damages;

       (b)    Statutory damages;

       (c)    Punitive Damages;

       (d)    Costs and reasonable attorneys' fees; and

       (e)    Such other and further relief as may be necessary, just and proper.

## COUNT FOUR – VIOLATION OF THE FAIR CREDIT REPORTING ACT
## (GMAC)

65.    Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

66.    GMAC is liable to Plaintiff for willfully and negligently failing to comply with 15 U.S.C. §1681s-2(b), pursuant to 15 U.S.C. §§1681n and o.

67.    GMAC violated the FCRA when it continued to publish the inaccurate information to the CRA Defendants without also including a notation that the debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the inaccurate information; by failing to review all relevant information regarding same; by failing to accurately respond to the CRA Defendants regarding the inaccurate information; by failing to correctly report the results of the investigation to the CRA defendants; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information to the CRA Defendants.

68.    After GMAC received notification from the CRA Defendants about the disputed GMAC accounts, GMAC did not contact any third parties when investigating Plaintiff's dispute.  Further, GMAC verified the accounts to the CRA Defendants in response to each dispute it received from the CRA Defendants.

69.    GMAC's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined more fully above.  GMAC is

liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

70.     Wherefore, Plaintiff seeks judgment in her favor against GMAC, based on the following relief requested:

       (a)     Actual damages;

       (b)     Statutory damages;

       (c)     Punitive Damages;

       (d)     Costs and reasonable attorneys' fees; and

       (e)     Such other and further relief as may be necessary, just and proper.

## COUNT FIVE – VIOLATION OF THE FAIR CREDIT REPORTING ACT (HERITAGE)

71.     Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

72.     Heritage is liable to Plaintiff for willfully and negligently failing to comply with 15 U.S.C. §1681s-2(b), pursuant to 15 U.S.C. §§1681n and o.

73.     Heritage violated the FCRA when it continued to publish the inaccurate information to the CRA Defendants without also including a notation that the debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the inaccurate information; by failing to review all relevant information regarding same; by failing to accurately respond to the CRA Defendants regarding the

inaccurate information; by failing to correctly report the results of the investigation to the CRA Defendants; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information to the CRA Defendants.

74.     After Heritage received notification from the CRA Defendants about the disputed Heritage account, Heritage did not contact any third parties when investigating Plaintiff's dispute.  Further, Heritage verified the account to the CRA Defendants in response to each dispute it received from the CRA Defendants.

75.     Heritage's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined more fully above.  Heritage is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

76.     Wherefore, Plaintiff seeks judgment in her favor against Heritage, based on the following relief requested:

    (a)     Actual damages;

    (b)     Statutory damages;

    (c)     Punitive Damages;

    (d)     Costs and reasonable attorneys' fees; and

    (e)     Such other and further relief as may be necessary, just and proper.

## COUNT SIX – VIOLATION OF THE FAIR CREDIT REPORTING ACT (COMPASS)

77.     Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

78.     Compass is liable to Plaintiff for willfully and negligently failing to comply with 15 U.S.C. §1681s-2(b), pursuant to 15 U.S.C. §§1681n and o.

79.     Compass violated the FCRA when it continued to publish the inaccurate information to the CRA Defendants without also including a notation that the debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the inaccurate information; by failing to review all relevant information regarding same; by failing to accurately respond to the CRA Defendants regarding the inaccurate information; by failing to correctly report the results of the investigation to the CRA Defendants; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information to the CRA Defendants.

80.     After Compass received notification from the CRA Defendants, the plaintiff and the Better Business Bureau, about the disputed account, Compass did not contact any third parties when investigating Plaintiff's dispute.  Further, Compass verified the account to the CRA Defendants in response to each dispute it received from the CRA Defendants.

81.    Compass' conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined more fully above.  Compass is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

82.    Wherefore, Plaintiff seeks judgment in her favor against Compass, based on the following relief requested:

      (a)    Actual damages;

      (b)    Statutory damages;

      (c)    Punitive Damages;

      (d)    Costs and reasonable attorneys' fees; and

      (e)    Such other and further relief as may be necessary, just and proper.

## JURY TRIAL DEMAND

83.    Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

**s/ Micah S. Adkins**
Micah S. Adkins (ASB-8639-I48A)
**BURKE, HARVEY & FRANKOWSKI, LLC**
2151 Highland Avenue, Suite 120
Birmingham, AL  35205
Telephone:  205.747-1902
Facsimile:  205.930-9054
Email:      madkins@bhflegal.com

**<u>PLAINTIFF WILL SERVE DEFENDANTS BY CERTIFIED MAIL AT:</u>**

Experian Information Solutions, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Services, Inc.
150 South Perry Street
Montgomery, Alabama 36104

Trans Union, LLC
c/o Prentice Hall Corporation System, Inc.
150 South Perry Street
Montgomery, Alabama 36104

GMAC Mortgage, LLC
c/o Registered Agent
CSC LAWYERS INCORPORATING SRV INC
150 S PERRY ST
MONTGOMERY, AL 36104

Heritage Pacific Financial, LLC
c/o Registered Agent
CSC LAWYERS INCORPORATING SRV INC
150 S PERRY ST
MONTGOMERY, AL 36104

Compass Bancshares, Inc.
c/o Registered Agent
15 South 20th St.
Birmingham, Alabama, 35233